JOHATHAN D. WHEELER & *al. versus* HALE EVANS & *al.* &
                        *Trustees.*

While the Statute of April 1, 1836, concerning assignments, was in force, all assignments, which provided only for such creditors as should consent to release the assignors from all claims and demands, saving under the assignments, were void.

Where such void assignment was made, and the assignors drew an order on the assignees, requesting them to pay the amount in their hands to their creditors who had become parties to that assignment, and the same was accepted by the assignees, *it was held,* that this was an assignment of such funds to those creditors, and that the assignees could not be charged as trustees of the assignors by reason of having such funds in their hands, in a process commenced after such acceptance.

The thirty-fifth and thirty-seventh sections of c. 119 of Revised Statutes include assignments of every description.

THE defendants were defaulted, and the only question in the case was, whether Ebenezer Clapp and Charles Clapp, Jr. should be charged as the trustees of Evans & Co. on their disclosures.

The facts are sufficiently stated in the opinion of the Court.
The order referred to, was in these terms :—

                        " Bath, August, 21, 1843.

" Messrs. Charles Clapp, Jr. and Ebenezer Clapp, — Please pay to our creditors, who have signed our assignment, the amount of property now in your hands, belonging to us individually or in company, and charge the same to your obedient servants,                         Hale Evans & Co."

The order was accepted, on the back thereof as follows : —
" Bath, August 21, 1843.   Accepted when in funds.

                " Charles Clapp, Jr., Ebenezer Clapp."

At the time this order was drawn, accepted and delivered, the creditors who had then become parties to the assignment,

had legal claims against Evans & Co. to an amount much greater, than the funds in the hands of the assignees.

*Randall,* for the plaintiffs, said that the Court had decided, that while the assignment act of 1836 was in force, an assignment which, like this, contained a discharge of all debts to the creditors, who should become parties, was void, and therefore this point was at rest.

The drawing and acceptance of the order to pay the same funds named in the assignment, to the same creditors, is no more than changing the form of the assignment. This is but an attempt to effect indirectly what is forbidden to be done by law. The object of the act of 1836 was mainly to prevent the preference of one creditor before another. The object of the assignment and order was the same. If there is any doubt on this ground, the rule of law settles it against the trustees. 4 Mass. R. 206 ; 5 Mass. R. 201 ; 14 Mass. R. 271 ; 6 Pick. 474 ; 12 Pick. 383 ; 18 Pick. 360 ; 3 Pick. 1.

The principle is well established, that trustees shall be holden, unless sufficient appears in their answers to discharge them. 2 Mass. R. 503 ; 5 Mass. R. 503 ; 14 Mass. R. 144 ; 4 Pick 265 ; 17 Pick. 435; 21 Pick. 160 ; 2 Metc. 376.

There was no such assignment, in this case, as would authorize the summoning of the assignees under the statute. The assignees were agents of the creditors, and had notice.

*Tallman & Richardson,* for the trustees, contended that the plaintiffs had advised and assented to the assignment, and were not in a situation to contest its validity.

But if the assignment is invalid, the supposed trustees had become legally bound, by their acceptance of the order, to pay over the funds in their hands to certain creditors named in another paper to which reference was made. This acceptance was prior to the service of the process upon them.

If the assignment was invalid, then the property was in their hands subject to any legal disposition thereof by the assignors. It was an order drawn for the whole funds in their hands, and operates as a legal assignment thereof. 1 Pick. 462 ; 6 Verm. R. 666 ; 5 Wheat. 285 ; 3 Cranch, 346 ; 16 Maine R. 252.

The opinion of the Court was drawn up by

SHEPLEY J. — The question presented is, whether the persons summoned as trustees should be charged on their disclosure. That disclosure states, that the principals made an assignment of their property to them for the benefit of such of their creditors, as should become parties to it, thereby releasing their debts, on January 21, 1843. It was decided in the case of *Pearson* v. *Crosby*, 23 Maine R. 261, that such an assignment was void by our statute then in force.

This process was served upon the trustees on June 3, 1844. On August 21, 1843, the principals drew an order upon the trustees, requesting them to pay to those of their creditors, who had signed the assignment, the amount of property in their hands ; and the trustees accepted that order to pay when in funds. This order operated as an assignment of that fund to those creditors. *Legro* v. *Staples*, 21 Maine R. 252.

Counsel insist that to permit this order to be effectual, would be to allow the object, intended by the assignment of the property for the benefit of such creditors, to be accomplished indirectly. That assignment being void, the assignors could dispose of their property in the hands of their assignees to pay such of their creditors, as they pleased ; and if they did so in good faith, such a disposition of it would be valid. The order appears to have been made to pay so much of the debts due from the drawers to their creditors, ascertained by their signatures to the assignment. There is no suggestion that those debts were not really due, or that there was any fraud in the transaction.

It is also contended, that the accepted order was not such an assignment of the fund as would authorize the plaintiffs to summon those creditors by virtue of c. 119. It is there provided, that when goods or effects "are claimed by a third person, in virtue of an assignment from the principal debtor or in some other way," the claimant may be summoned to appear to defend his rights. This language is sufficiently comprehensive to include assignments of every description.

*Exceptions overruled.*